**United States District Court**
For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   ANTHONY A. RODRIGUEZ,

10            Plaintiff,                          No. C 05-01443 JSW

11      v.

12   NEW UNITED MOTOR                            **ORDER DENYING PLAINTIFF'S**
     MANUFACTURING, INC., a California           **MOTION TO REMAND**
13   Corporation, and DOES 1 through 50,
     Inclusive,
14
              Defendants.
15
     _____/
16

17         Now before the Court is Plaintiff Anthony A. Rodriguez's motion to remand brought

18   pursuant to 28 U.S.C. § 1447(c).  The Court finds the present motion appropriate for decision

19   without oral argument and hereby VACATES the hearing set for July 1, 2005.  *See* Civil L.R. 7-

20   1(b).  Having carefully reviewed the parties' papers, considered their arguments and the relevant

21   legal authority, and good cause appearing, the Court hereby DENIES Rodriguez's motion to

22   remand.

23                              **BACKGROUND**

24         Rodriguez originally filed this action in the Superior Court of the State of California for

25   the County of Alameda on January 24, 2005, asserting causes of action for discrimination based

26   on physical disability, retaliation, failure to prevent discrimination and retaliation, and

27   termination in violation of public policy.  (*See* Complaint at ¶ 1.)

28

**United States District Court**

For the Northern District of California

1    On April 8, 2005, Defendant removed Rodriguez's action to this Court under 28 U.S.C.

2   § 1441 asserting the existence of a federal question.  Thereafter, on April 20, 2005, Rodriguez

3   moved to remand.

4                                                **ANALYSIS**

5   **A.    Legal Standards Relevant to Removal Jurisdiction.**

6    Federal courts are courts of limited jurisdiction.  *See*, *e.g.*, *Kokkonen v. Guardian Life*

7   *Ins. Co. of Am.*, 511 U.S. 375, 377 (1995).  Pursuant to 28 U.S.C. § 1441(a), a defendant may

8   remove "any civil action brought in a State court of which the district courts of the United States

9   have original jurisdiction ... to the district court of the United States for the district and division

10   embracing the place where such action is pending."

11    Removal from state to federal court pursuant to 28 U.S.C. § 1446 is permitted in any

12   civil case in which the district court has original jurisdiction, provided that notice of removal is

13   filed within thirty days after the defendants have received summons and the complaint or have

14   been formally served.  *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56

15   (1999); *see also Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  The removal

16   statute is strictly construed against removal jurisdiction.  *Prize Frize, Inc. v. Matrix, Inc.*, 167

17   F.3d 1261, 1265 (9th Cir. 1999).  In addition, the burden of establishing federal jurisdiction for

18   the purposes of removal is on the party seeking removal and must be satisfied by a

19   preponderance of the evidence.  *See id.*; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,

20   1117 (9th Cir. 2004).

21    Here, Defendant asserts that removal is proper because Plaintiff's claim is premised on a

22   federal question under 28 U.S.C. § 1331.  This section provides that "district courts shall have

23   original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

24   United States."  28 U.S.C. § 1331.

25   **B.    Plaintiff's Termination Claim is Preempted by Section 301 of the Labor**
     **Management Relations Act.**

26

27    Plaintiff's termination in violation of public policy claim alleges that New United Motor

28   Manufacturing, Incorporated ("NUMMI") terminated him in violation of public policy;

                                                   2

1   specifically, he was discharged because he has a physical disability.  (Complaint at ¶ 37.)  He

2   contends that NUMMI constructively terminated him after he suffered an industrial injury by

3   not allowing him to go back to work despite doctors' releases.  (*Id*. at ¶¶ 12-15.)  In order to

4   sustain a cause of action for termination in violation of public policy, Plaintiff must establish

5   that he was employed by NUMMI; he was discharged; the alleged violation of public policy was

6   a motivating factor for the discharge; and the discharge caused him harm.  *See Tameny v.*

7   *Atlantic Richfield Co.*, 27 Cal. 3d 167, 176 (1980).  Plaintiff argues that the resolution of this

8   claim is not substantially dependent upon analysis of the collective bargaining agreement

9   ("CBA").  (Br. at 7.)  Defendant counters that the element of "discharge" is in dispute, and

10  requires the court to interpret the CBA.  (Opp. Br. at 5.)

11          Section 301(a) of the Labor Management Relations Act ("LMRA") establishes federal

12  jurisdiction for "suits for violation of contracts between an employer and a labor organization."

13  28 U.S.C. § 185(a).  The LMRA therefore preempts any state cause of action for breach of a

14  collective bargaining agreement.  *Jimeno v. Mobil Oil Corp*., 66 F.3d 1514, 1522 (9th Cir.

15  1995).  "Even suits based on torts, rather than on breach of the collective bargaining agreement,

16  are governed by federal law if their evaluation is inextricably intertwined with consideration of

17  the terms of [a] labor contract."  *Miller v. AT & T Network Sys.*, 850 F.2d 543, 545 (9th Cir.

18  1988) (internal quotations omitted).  When resolution of a state-law claim is substantially

19  dependent upon analysis of the terms of an agreement made between the parties in a labor

20  contract, that claim is preempted by federal law governing labor contracts.  *Allis-Chambers*

21  *Corp. v. Lueck*, 471 U.S. 202, 220 (1985).  "The key to determining the scope of preemption is

22  not how the complaint is cast, but whether the claims can be resolved only by referring to the

23  terms of the collective bargaining agreement."  *Young v. Anthony's Fish Grotto, Inc.*, 830 F.2d

24  993, 999 (9th Cir. 1987).

25          For example, in *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000), the

26  plaintiffs' unions and the employer agreed to a compensation arrangement, yet the method of

27  calculating compensation for overtime hours was disputed by the parties.  The Ninth Circuit

28  concluded that to determine whether there were overtime violations required interpretation of

United States District Court
For the Northern District of California

3

1  the contractual wage rates in the collective bargaining agreement, thus the plaintiffs' state-law

2  claim was preempted by the LMRA.  *Id.* at 1067.

3       Here, like the plaintiffs' wage claim in *Firestone*, Rodriguez's claim for termination in

4  violation of public policy requires interpretation of provisions in the CBA.  The allegations

5  contained in the complaint which form the basis of Rodriguez's claim are premised on his

6  alleged constructive termination.  (Complaint at ¶ 15.)  However, Defendant contends that

7  Plaintiff has never been terminated and is still employed at NUMMI.  (Johnson Declaration at ¶

8  4.)  The CBA specifically regulates the circumstances under which an employee can be

9  terminated and the procedures that must be adhered to when there is a medical dispute as to

10  whether an employee may return to work.  (NUMMI Notice of Removal Action, Exh. B at 28-

11  29, 171-73.)  Thus, the element of whether Plaintiff was actually discharged, integral to

12  Plaintiff's termination in violation of public policy claim, requires an interpretation of the

13  contractual provisions in the CBA concerning termination and returning to active status after an

14  injury.  Consequently, Rodriguez's claim for termination in violation of public policy cannot be

15  interpreted independently of the CBA and is therefore preempted by § 301(a) of the LMRA.

16       Moreover, Plaintiff's additional claims for discrimination based on physical disability,

17  retaliation, failure to prevent discrimination and retaliation are not remanded because they share

18  a common nucleus of operative fact with Plaintiff's termination in violation of public policy

19  claim, and the Court exercises supplemental jurisdiction over those claims.  *See* 28 U.S.C.

20  § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (holding that if the state

21  and federal claims are such that a plaintiff would ordinarily be expected to try them in one

22  judicial proceeding, it is in the federal court's discretion to exercise supplemental jurisdiction

23  over the state claims).

24

25

26

27

28

4

**CONCLUSION**

For the foregoing reasons, Rodriguez's motion to remand is DENIED.  The parties' joint case management statement is due July 1, 2005 and the initial case management conference shall be conducted on July 8, 2005 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated:  June 29, 2005                          /s/ Jeffrey S. White

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

5